UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

KENNETH ANDRE BOONE,
            *Defendant-Appellant.*

No. 00-4210

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RANDY GEAN WILLIAMS, a/k/a Malik
Strong,
            *Defendant-Appellant.*

No. 00-4338

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-99-116)

Submitted: March 9, 2001

Decided: December 19, 2001

Before WILKINS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Carl C. La Mondue, Norfolk, Virginia; James S. Ellenson, ELLEN-SON LAW OFFICE, Newport News, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Laura Pellatiro Tayman, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kenneth Andre Boone and Randy Gean Williams were indicted in the Eastern District of Virginia, with several co-conspirators, for conspiracy to distribute and to possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (1994). Williams was also indicted in a second count for money laundering, in violation of 18 U.S.C. § 1956(a)(1) (1994). Boone appeals the district court's denial of his motion to substitute counsel and his motion to withdraw his guilty plea. Williams appeals his conviction and sentence to life imprisonment after a jury found him guilty of both counts charged in the indictment.

Boone contends that the district court erred in failing to consider his motion to substitute counsel and his attorney's motion to withdraw from representation before it considered his motion to withdraw his guilty plea, and that this error deprived him of the assistance of counsel guaranteed by the Sixth Amendment. In considering a trial court's ruling on a motion for substitution of counsel, this court considers the "[t]imeliness of the motion; adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *United States v. Gallop*, 838 F.2d 105, 108 (4th

Cir. 1988). In this case, the motion for substitution of counsel was made only nine days prior to the scheduled sentencing hearing, and over three months after Boone entered his plea.

Contrary to Boone's assertions, the record indicates that the district court conducted a thorough inquiry into his desire to substitute counsel. The court thoroughly reviewed the materials Boone submitted, the Rule 11 transcript, and the Government's response to his motions, and allowed Boone to testify at length, occasionally interjecting questions to clarify Boone's statements or verify Boone's memory of the Rule 11 hearing. At no time during this inquiry did Boone assert dissatisfaction with counsel. The record also demonstrates that the district court asked Boone's attorney several questions regarding counsel's actions in the case and his communications with Boone.

Boone's testimony and the court's questions revealed that counsel was very active in communicating with Boone in preparing several objections to the presentence report and otherwise preparing for sentencing, until Boone decided to move to withdraw his plea. Although the record indicates that the conflict between Boone and counsel over the motion to withdraw Boone's plea had caused a breakdown in the attorney-client relationship on that issue, there is no indication that this conflict prevented an adequate defense.

As discussed more fully below, there were no valid grounds for Boone's motion to withdraw his guilty plea. Nor has Boone identified any actions counsel could have or should have taken to provide adequate representation during the hearing on his motion to withdraw his plea. The district court recognized this fact, stating "I think—frankly, wouldn't matter to me who the lawyer was because the lawyer would simply be asking Mr. Boone the same questions that I—that he was able to answer when I allowed him to testify in court today." *See United States v. Cronic*, 466 U.S. 648, 657-58 (1984) (appropriate focus is on the reliability of the trial process, rather than the accused's relationship with his counsel). Moreover, substitution of counsel was not required because any conflict in the relationship was created by Boone's insistence on filing a frivolous motion. *See United States v. Morsley*, 64 F.3d 907, 918 (4th Cir. 1995); *United States v. Burns*, 990 F.2d 1426, 1437 (4th Cir. 1993). The district court did not err in

denying Boone's motion to substitute counsel before hearing his motion to withdraw his guilty plea.

This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 32(e).

In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, we consider the six factors articulated in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Although all the factors in *Moore* must be given appropriate weight, the key in determining whether a Rule 32(e) motion should be granted is whether the Rule 11 hearing was properly conducted. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Fed. R. Crim. P. 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

In this case, the district court explicitly considered each of the *Moore* factors and found that none supported granting Boone's motion to withdraw his guilty plea. Further, the court conducted an extremely thorough Rule 11 inquiry. This inquiry included specific additional inquiries to ensure that Boone, in light of his reading impairment, had been read the critical documents in the case and clearly understood the charges, the plea agreement, and the effect of his guilty plea. Even assuming as true Boone's allegations that counsel misinformed him as to the probable length of his sentence, no valid grounds for allowing withdrawal of Boone's plea have been shown. *See United States v. Ubakanma*, 215 F.3d 421, 424-25 (4th Cir. 2000); *Lambey*, 974 F.2d at 1395. We find no abuse of discretion in the denial of Boone's motion.

Williams contends that his conviction and sentencing under the enhanced penalty elements of 21 U.S.C. § 841(b)(1)(A) and enhancements applied under the Sentencing Guidelines violate the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* established the rule that "[o]ther than the fact of a prior con-

viction, any fact that increases the penalty for a crime beyond the pre-scribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

Williams did not raise an *Apprendi* objection at trial; therefore, this court reviews the judgment for plain error pursuant to Fed. R. Crim. P. 52(b) and *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Four conditions must be met before this court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning that the defendant is prejudiced by the error in that it affected the outcome of the proceed-ings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 732-37; *United States v. Rolle*, 204 F.3d 133, 138 (4th Cir. 2000).

In this case, Count One of the indictment charged Williams with conspiring to distribute and possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine, and the overt acts listed in the indictment specify drug amounts that exceed the amounts required to sentence a defendant to a maximum term of life imprisonment under § 841(b)(1)(A). The jury instruction defining the elements that the government must prove beyond a reasonable doubt included the drug amounts charged in the indictment, as did the instruction on the nature of the offense. The dis-trict court, however, also instructed the jury that "[t]he indictment alleges that an approximate amount of a controlled substance was involved in the crimes charged. It is not necessary for the Government to prove the exact or precise amount of controlled substance alleged in the indictment." We have previously held that drug quantity and type are elements under § 841, *see United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001) (en banc), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Sept. 20, 2001) (No. 01-6398), and that such an instruction amounted to plain error in light of *Apprendi*. *See United States v. Stewart*, 256 F.3d 231, 252 (4th Cir. 2001).

Our review of the entire record convinces us that the error in including the "approximate amount" instruction did not infringe Wil-liams' substantial rights because it did not actually affect the outcome of the proceedings. At sentencing, the district court adopted the pre-sentence investigation report that attributed over 95 kilograms of

crack cocaine and 48 kilograms of powder cocaine to Williams. Williams did not contest the drug quantities attributed to him, other than denying involvement in any drug activity and generally objecting at sentencing to the calculation of drug quantities based on the credibility of the witnesses at trial.

The evidence of Williams' significant role in the drug distribution conspiracy and of the significant quantities of cocaine converted into crack cocaine and distributed by this conspiracy, was overwhelming. Several of Williams' co-conspirators testified to his personal involvement in drug transactions of quantities far in excess of the fifty grams of crack cocaine or five kilograms of cocaine necessary to subject Williams to a life sentence under § 841(b)(1)(A). This testimony was thoroughly corroborated by the testimony of law enforcement officers and evidence obtained in several searches. We are convinced that the failure to properly submit the issue of drug quantity to the jury did not affect Williams' substantial rights. *See United States v. Montgomery*, 262 F.3d 233, 252 (4th Cir. 2001), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Oct. 11, 2001) (No. 01-6767).

Williams' assertion that the other enhancements of his offense level that were determined at sentencing were also violative of *Apprendi* is foreclosed by this court's decision in *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3618 (U.S. Mar. 19, 2001) (No. 00-8591). Because Williams was properly subject to a maximum sentence of life imprisonment under § 841(b)(1)(A), the district court's determination that enhancements for a firearm, leadership role in the offense, and obstruction of justice were applicable is not subject to the *Apprendi* requirements. *Id.* at 201.

Williams' remaining argument, that the Government violated 18 U.S.C. § 201(c)(2) (1994) because Government witnesses testified pursuant to plea agreements, has been specifically rejected by this court. *See United States v. Richardson*, 195 F.3d 192, 196-97 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096 (2000).

Accordingly, we grant Williams' motion for leave to file a pro se supplemental brief and affirm the convictions and sentences of Boone and Williams. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*